IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| FOURSTAR GROUP USA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> K-VA-T FOOD STORES, INC. ) <br> d/b/a FOOD CITY, ) <br> ) <br> **Serve:** Northwest Registered Agent, LLC ) <br> 4445 Corporation Lane ) <br> Suite 264 ) <br> Virginia Beach, Virginia 23462 ) <br> (Virginia Beach City) ) <br> ) <br> ) <br> Defendant. ) <br> ) | Case No.: 7:19CV440 |

## COMPLAINT AND DEMAND FOR JURY TRIAL
**(Injunctive Relief Sought)**

Plaintiff, Fourstar Group USA, Inc. ("Fourstar"), sues Defendant, K-VA-T Food Stores, Inc. d/b/a Food City ("Food City"), and alleges the following:

## NATURE OF THE ACTION

1. This is an action based on Food City's infringement of Fourstar's federally-registered copyright.

## THE PARTIES

2. Fourstar is a Delaware corporation with a major office located in Clearwater, Florida.

3.      Food City is a Virginia corporation with its principal place of business in Abingdon, Virginia. Food City operates food stores under the "Food City" name, among other names, in Kentucky, Virginia, and Tennessee including stores located in the Roanoke Division of this Court.

## JURISDICTION AND VENUE

4.      This is an action, pursuant to 17 U.S.C. § 501 *et seq.*, seeking preliminary and permanent injunctive relief, other equitable relief, recovery of Fourstar's actual damages and an award of Food City's profits or, alternatively, statutory damages, and recovery of the costs, expert fees, and attorneys' fees Fourstar incurs resulting from Food City's willful infringement of Fourstar's rights granted under the Copyright Laws of the United States.

5.      This Court possesses subject matter jurisdiction over this case under 28 U.S.C. Sections 1331 and 1338 because this is an action by Fourstar under the Copyright Laws for Food City's infringement of Fourstar's copyrights.

6.      This Court possesses personal jurisdiction over Food City because Food City is a Virginia corporation with its principal place of business located in this District.

7.      Venue properly lies in this judicial district under 28 U.S.C. §1391(b)(1) because Food City resides in this judicial district and is also proper under 28 U.S.C. §1400(a) because this is a civil action arising under an act of Congress relating to copyrights and is a district and division in which Food City resides or may be found.

## COUNT I – FEDERAL COPYRIGHT INFRINGEMENT

8.      Fourstar realleges and incorporates by reference the allegations in paragraphs 1 through 7 above as if set forth fully herein.

9. Fourstar specializes in the creation, development, and sourcing of products, including decorations, food and candy, general merchandise, and household goods, for sale in retail mass merchandisers.

10. In connection with developing a new product line, Fourstar designed and authored spring and summer-themed artwork and sculpture titled "Spring-Summer Solar." On July 8, 2011, Fourstar first published such artwork and sculpture. Fourstar's Spring-Summer Solar work includes artwork and sculpture titled "Chick Solar" ("Fourstar's Chick Artwork").

11. On December 6, 2011, Fourstar obtained a Federal copyright, registration number VA 1-798-926, for Fourstar's Chick Artwork ("Fourstar's Copyright"). A true and accurate copy of the Certificate of Registration and the copyright deposit for Fourstar's Copyright is attached hereto as Composite Exhibit "A".

12. Fourstar's products bearing the Fourstar Chick Artwork and which are covered by Fourstar's Copyright are marked with a copyright notice on the base of such products.

13. Recently, Fourstar discovered that Food City was selling or distributing to its network of food stores who in turn sold to the public, solar powered products which infringe Fourstar's Copyright.

14. Food City imported, advertised, marketed, and/or sold products called "Solar Dancing Character," which products substantially copy Fourstar's Chick Artwork ("Food City's Infringing Products"). A photograph of one of Food City's Infringing Products is attached as Exhibit "B".

15. Food City is copying, distributing, selling, offering for sale, and using Food City's Infringing Products, which are substantially similar to the Fourstar Chick Artwork, without Fourstar's consent, license, or other permission.

16. Food City's copying, distributing, selling, offering for sale, and use of Food City's Infringing Products constitute infringement of Fourstar's Copyright in violation of 17 U.S.C. §501.

17. Upon information and belief, Food City's infringement of Fourstar's Copyright is willful and deliberate, and will continue unless enjoined by this Court.

18. Fourstar has suffered irreparable injury and has been damaged by the infringing activities of Food City and will continue to suffer damages and irreparable injury unless such infringing actions are enjoined by this Court.

19. Fourstar has no adequate remedy at law to prevent the injuries caused by the continuing willful infringement by Food City.

20. Given the clear and willful infringement by Food City of Fourstar's Copyright, Fourstar will likely prevail on the merits of this action.

21. The balance of the hardships and public interest require that Food City immediately and permanently cease its infringing activities.

22. Fourstar has retained the law firm of Fee & Jeffries, P.A. and Martin, Hopkins & Lemon, P. C. as local counsel to vindicate its rights against Food City and is obligated to pay its attorneys, reasonable attorneys' fees for their services.

23. All conditions precedent to the maintenance of this action have occurred, been performed, or have been excused or waived.

WHEREFORE, Fourstar respectfully request this Court to:

A. Enter judgment in Fourstar's favor and against Defendant, Food City;

B. Award to Fourstar and against Food City:

    1) Fourstar's actual damages;

    2) Food City's profits from its sale of Food City's Infringing Products;

3) statutory damages, as an alternative to Fourstar's actual damages and Food City's profits; and

4) the attorneys' fees, expert fees, and costs incurred by Fourstar as a result of Food City's infringement of Fourstar's Copyright.

C. Preliminarily and permanently enjoin Food City from further infringing or in any way benefiting from its past infringement of Fourstar's Copyright, specifically including but not limited to, enjoining the advertising, marketing, disseminating, selling, and offering for sale Food City's Infringing Products; and

D. Grant Fourstar all additional relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Fourstar hereby demands a trial by jury on all issues so triable.

Dated: June 11, 2019

                                                                  Respectfully submitted,

                                                                   FOURSTAR GROUP USA, INC.

                                                                   By: /s/ William B. Hopkins, Jr.

William B. Hopkins, Jr. (VSB #20297)
Martin, Hopkins & Lemon, P.C.
1000 Wells Fargo Tower
10 South Jefferson Street
P.O. Box 13366
Roanoke, Virginia 24011
Telephone: (540) 982-1000
Facsimile: (540) 982-2015
wbhjr@martinhopkinsandlemon.com

Counsel for Fourstar Group USA Inc.

5